IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FEDERAL DEPOSIT INSURANCE
COPORATION, as Receiver for Doral Bank,

Plaintiff,

v.

PEDRO IVÁN NIEVES RODRÍGUEZ,

Defendant.

CIVIL NO. 15-2257 (GAG)

**OPINION AND ORDER**

Presently before this Court is the Federal Deposit Insurance Corporation's ("FDIC" or "Plaintiff") motion to show cause and dismiss the counterclaim brought by Pedro Iván Nieves Rodríguez ("Mr. Nieves Rodríguez" or "Defendant") for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  (Docket No. 11.)  Defendant opposed the motion.  (Docket No. 14.)  By leave of the Court, the parties filed reply and sur-reply briefs. (Docket Nos. 18; 21.)  Upon review of these submissions and the pertinent law, the Court **GRANTS** Plaintiff's motion to dismiss.  (Docket No. 11.)

**I.    Relevant Facts and Procedural Background**

This foreclosure case was filed in the Puerto Rico Court of First Instance of San Juan ("Commonwealth Court") on July 27, 2010, by Doral Bank ("Doral") against Mr. Nieves-Rodríguez.  (Docket No. 14 ¶ 12.)  Defendant filed a counterclaim in the Commonwealth Court. (Docket No. 11 ¶ 1.)  On February 27, 2015, the Office of Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed Doral and appointed FDIC as receiver of the failed bank.  Id. ¶ 2.

**Civil No. 15-2257 (GAG)**

Plaintiff published notice of the receivership in the local newspapers on three different occasions during March, April, and May of 2015. (Docket No. 18 ¶ 12.) These notices contained information about Doral customers' right to file an administrative claim before the FDIC. Id. On May 12, 2015, FDIC also sent a letter of notice informing Defendant of his potential claim. Id. ¶ 4. Both the local newspaper publications and the letter of notice sent to Defendant indicated that such claim must be submitted on or before June 4, 2015. Id. To date, Defendant has not filed a proof of claim.

FDIC removed the case to federal court in the District of Puerto Rico on September 11, 2015. (Docket No. 1.) At this time, FDIC also filed a motion for a temporary waiver and stay under Local Rule 5(g), which this Court granted on September 18, 2015. (Docket No. 4.) Due to docket inactivity, Plaintiff was ordered to show cause as to why the case should not be dismissed for lack of prosecution. (Docket No. 10.)

**II.     Standard of Review**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action for lack of subject-matter jurisdiction. "This rule is a large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction. Some challenges—those grounded in considerations of ripeness, mootness, sovereign immunity, and the existence of federal question jurisdiction are good examples." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). As courts of limited jurisdiction, the federal courts must construe their jurisdictional grants narrowly. Therefore, a party that seeks the jurisdiction of the federal courts carries the burden of demonstrating its existence. Viqueira v. First Bank 140 F.3d 12, 16 (1st Cir. 1998). When deciding whether to dismiss a complaint for lack of subject-matter jurisdiction, the court "may consider whatever evidence has been submitted." Aversa v. United

2

States, 99 F.3d 1200, 1210 (1st Cir. 1996); Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 132 (D.P.R. 2007).  Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions.  Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994). "When a district court considers a Rule 12(b) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor."  Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010).

### III.    Discussion

The Financial Institution Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA") facilitates the process by which insolvent financial institutions are rehabilitated or liquidated.  Acosta-Ramírez v. Banco Popular de P.R., 712 F.3d 14, 18 (1st Cir. 2013).  FIRREA establishes that the FDIC, as receiver, succeeds to "all the rights, titles, powers, and privileges of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A).  In order for the FDIC to evaluate and determine claims against a failed institution, FIRREA establishes "a mandatory administrative claim process, which shall be exhausted by every claimant." FDIC v. Estrada-Rivera, 813 F. Supp. 2d 265, 268 (D.P.R. 2011) (citing Lozada v. FDIC, No. 10-1644 (JAG), 2011 WL 2199369, at *1 (D.P.R. Jun. 06, 2011)).

In Puerto Rico, the Office of the Commission of Financial Institutions appoints the FDIC as receiver of a failed bank.  See P.R. Laws Ann. tit. 7, § 2001 *et seq.*  When the FDIC is appointed as receiver, it must publish a notice to the failed bank's claimants to notify them of their obligation to present proof of their claims by a specific date.  See 12 U.S.C. § 1821(d)(3)(B)(i).  This date, known as the "bar-date," must not be less than ninety (90) days after publication of the notice to claimants.  Id.; FDIC v. Kane, 148 F.3d 36, 38 (1st Cir. 1998). The notice must be republished twice, approximately one and two months after the initial

**Civil No. 15-2257 (GAG)**

publication of the notice. 12 U.S.C. § 1821(d)(3)(B)(ii). FDIC must also mail a similar notice to the failed bank's creditors, notifying creditors of the FDIC's appointment as receiver and the creditors' obligation to present proof of their claims by the bar date. Id. at § 1821(d)(3)(C). If a claimant timely files a claim before the bar date, the FDIC has authority to determine the claim in accordance with the procedures established in FIRREA. Id. at § 1821(d)(3)-(6). FIRREA deprives district courts of jurisdiction to hear claims when a claimant fails to comply with the administrative claims review process. Id. § 1821(d)(13)(D).

Even though FIRREA requires that the FDIC mail notice contemporaneous to publishing notice of receivership to the failed bank's creditors, see 12 U.S.C. § 1821(d)(3)(B)-(C), the statute does not provide claimants a waiver or exception to completing the mandatory administrative claims review process if notice is not mailed. See Estrada-Colón, 848 F. Supp. 2d 206, 212-13 (D.P.R. 2012); Maldonado-Vaillant v. FDIC, No. 10-1700 (JAG), 2011 WL 1545429, at *2 (D.P.R. April 25, 2011). As long as the claimants are aware of the appointment of the receiver, through personal knowledge or through a representative, the notice requirements of 12 U.S.C. § 1821(d)(3)(B) are satisfied. Estrada-Colón, 848 F. Supp. 2d at 210; Maldonado-Vaillant, 2011 WL 1545429, at *9.

In light of the administrative framework established by FIRREA, Plaintiff moves to dismiss, arguing Defendant failed to exhaust administrative remedies by neglecting to file a proof of claim. (Docket No. 11 ¶ 14.) Defendant responds by arguing the untimeliness of both Plaintiff's notice of claim and Plaintiff's removal to federal court. (Docket No. 14 ¶¶ 13, 16.) Defendant's arguments are unavailing.

In this case, the FDIC was appointed receiver for Doral on February 27, 2015. (Docket No. 11 ¶ 2.) Plaintiff published the required notice of receivership in different local newspapers

4

before the ninety (90) days claim bar-date of June 4, 2015.  (Docket Nos. 18-1; 18-2; 18-3.) Additionally, Plaintiff sent notice to Mr. Nieves-Rodríguez by mail on May 12, 2015.  (Docket No. 18 ¶ 4.)  FDIC's notices of receivership were sufficiently complied with FIRREA.  In addition, Defendant had personal knowledge of the receivership based on the May 12, 2015 letter.  Therefore, the Court finds no merit to Defendant's arguments regarding the sufficiency of notice of the FDIC's receivership.

Defendant failed to present any proof of claim in accordance with FIRREA's administrative framework.  Defendant's failure to comply with the FIRREA's administrative claims review process strips the Court of subject-matter jurisdiction to hear Defendant's counterclaims. 12 U.S.C. § 1821 (d)(13)(D); Acosta-Ramírez, 712 F.3d at 19.  Accordingly, the Court lacks the power to hear Defendant's counterclaims.

**IV.    Conclusion**

For the reasons expressed above, the Court **GRANTS** Plaintiff's motion to dismiss at Docket No. 11 and **DISMISSES with prejudice** Defendant's counterclaims.

**SO ORDERED.**

In San Juan, Puerto Rico this 10th day of November, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge